T. E. ISANBAUGH, R. D. REED, BURT DEASON AND EARL TUCKER V. THE STATE.

No. 7414.   Decided April 4, 1923.

Rehearing denied October 24, 1923.

**1.—Exhibiting Dancing Performance by Women—Notice of Appeal.**

In the absence of notice of appeal, the appeal must be dismissed; however, the record having been properly amended, the appeal is reinstated. Following Bennett v. State, 80 Texas Crim. Rep., 661.

2.—Same—Information—Motion to Quash.

Where the information failed to allege that the alleged offenders were composed in whole or in part of women, held that this averment is essential under the statute, and the motion to quash should have been sustained.

Appeal from the County Court of Limestone. Tried below before the Honorable H. F. Kirby.

Appeal from a conviction of unlawfully exhibiting a dancing performance by women; penalty, against Isanbaugh a fine of $250.00 and sixty days confinement in the county jail, and a fine of $100.00 and thirty days confinement in the county jail against the other defendants.

The opinion states the case.

*William Kennedy,* and *Stubbs & Walters,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for unlawfully exhibiting a dancing performance by women.

This case was tried at the June term of court, the end of which came on the 24th day of June, 1922. The order overruling the motion for new trial bears date July 21, 1922. In that order the notice of appeal to this court is given. Calling attention to this state of the record, a motion is made to dismiss the appeal. Responding to the motion, the appellant has filed an affidavit to the effect that the motion for new trial was overruled on the 21st day of June and that the notice of appeal was given and entered of that date, but that by mistake it bears date July 21, 1922, at which time the court was not in session. To give this court jurisdiction, there must be a notice of appeal given at the term and entered of record. It is provided, however, in the same statute that if the notice is given but not entered of record, it may be entered of record either in term time or vacation on proof that the notice was properly given. See Code of Crim. Proc., Art. 915; Vernon's Tex. Crim. Stat., Vol. 2, pp. 877 and 878. As the record is presented, the caption showing that the court adjourned in June and the entry of the notice of appeal bearing date of July, it will be necessary for the court to grant the motion to dismiss the appeal. See Vernon's Tex. Crim. Stat., 1922 Supplement, Vol. 2, p. 2629; and citation of cases. This dismissal, however, will not prevent an amendment of the record to agree with the facts as provided by Art. 915, supra, and from the amended order, an appeal may be prosecuted. See Bennett v. State, 80 Texas Crim. Rep., 661.

The appeal is dismissed.

*Dismissed.*

ON REHEARING.

April 4, 1923.

MORROW, PRESIDING JUDGE.—Proper bond having been filed, the appeal is reinstated,

The conviction is for unlawfully exhibiting a dancing performance by women.

The offense is defined in Article 513a, Vernon's Tex. Crim. Stat., 1922, Supplement. The statute reads thus: "It shall hereafter be unlawful for any person, persons, firm, troupe, company, corporation, or aggregation of persons traveling from place to place, *composed in whole or in part of women* to show or exhibit in any dancing performance, or as dancers in a tent, enclosure, temporary structure, or in any location whatsoever."

This language is followed by a proviso exempting from the operation of the statute a regularly organized show, theatrical company or troupe, and some other performances. Article 513b prescribes the penalty.

A motion to quash the information is made upon the ground that in each of the counts there is an absence of an averment that the alleged offenders were "composed in whole or in part of women." The averment omitted is deemed essential. The words of the statute: "composed in whole or in part of women" is descriptive of the offense, and the failure to embrace it in the pleading is fatal. The motion to quash the information should have been sustained. The offense is aimed at those companies, organizations or aggregations which are "composed in whole or in part of women."

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*

[Rehearing denied October, 1923. Reporter.]